IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GARY PROKOP,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>　　　　Defendant. | CASE NO.: _____<br><br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW, Plaintiff Gary Prokop, by and through his attorneys, and for his cause of action against Defendant, states and alleges as follows:

### JURISDICTION AND PARTIES

1. This case arises under 28 U.S.C. 1346(b) and 2671-2680 of the Federal Tort Claims Act.

2. Plaintiff, age 69, is a resident of Omaha, Douglas County, Nebraska.

3. Defendant United States owns and operates a Veterans Administration Hospital Omaha, Douglas County, Nebraska.

### FACTS

4. On the January 3, 2019, Defendant's VA Hospital conducted an abdominal CT scan on Plaintiff, a yearly effort to monitor an abdominal aortic aneurism. Noteworthy on this exam was an incidental finding of a right ileocolic soft tissue mass measuring 3.3 x 2.8 x 3.4 cm and the interpreting radiologist indicated that a carcinoid tumor could not be ruled out and noted it to be a "SIGNFICIANT ABNORMALIT, ATTN NEEDED" in the Impression section of the report.

5. Significantly, this CT scan was a yearly follow up to monitor an abdominal aortic aneurism and a CT scan had been conducted exactly one year prior which did not reveal any abdominal mass.

6. The VA staff failed to report this suspicious finding to Plaintiff or otherwise take any action to follow up and further investigate this matter.

7. Plaintiff had follow up visits with his primary care physician later in 2019 and was not advised of the incidental finding suspicious for a malignant tumor.

8. In April of 2020 Plaintiff began to experience complication related to this tumor and sought treatment at the Defendant's VA Hospital.

9. Defendant conducted a CT scan on Plaintiff's abdomen and the findings including the following:

- Large irregular mass in med ascending colon suspicious for malignancy.
- Chest and abdominal lymphadenopathy suspicious for metastatic disease.

10. Plaintiff was subsequently diagnosed with incurable metastatic colon cancer and a chemoradiation regimen was initiated that lasted from June until October of 2020.

11. In November 2020, the oncology team treating Plaintiff determined that further chemoradiation treatment would not be beneficial and palliative care was the best option for him.

## COUNT I – RES IPSA LOQUITUR

12. That the failure to advise Plaintiff of the positive finding on the CT scan conducted January 3, 2019 at Defendant's VA Hospital is of the type that would not ordinarily have occurred without negligence.

13. That Defendant's VA Hospital received the results of the positive finding on the CT scan conducted on January 3, 2019 and the findings of that CT scan were under the sole control of this Defendant.

14. That as a result of the failure to notify Plaintiff of the positive finding on the CT scan dated January 3, 2019, Plaintiff sustained severe and permanent neurologic insult and injury due to the fact that the tumor was allowed to grow and progress due to a delay in diagnosis and treatment.

15. That there is no other plausible explanation for the Defendant's failure to advise the Plaintiff of the positive finding on the CT scan dated January 3, 2019 and no other plausible explanation for the delay in diagnosis and treatment and resultant insult and injury.

## COUNT II – MEDICAL NEGLIGENCE

16. That the Defendant had a duty to advise Plaintiff of the finding suspicious for a malignant tumor on the CT scan conducted at its hospital on January 3, 2019.

17. That the Defendant was negligent in failing to communicate to Plaintiff the finding suspicious for a malignant tumor on the CT scan dated January 3, 2019 or otherwise take action to investigate and rule out a cancerous tumor.

18. That as a direct and proximate cause of Defendant's negligence, Plaintiff was deprived of the chance to seek immediate treatment and in turn sustained severe and permanent injury and other damages as more fully set forth below.

## DAMAGES

19. That as a direct and proximate result of Defendant's negligence, the tumor in Plaintiff's colon grew and metastasized to the point that it was incurable.

20. That as a direct and proximate result of Defendant's negligence, Plaintiff experienced severe ongoing pain and suffering while undergoing a chemoradiation regimen for several months.

21. That as a direct and proximate result of Defendant's negligence, Plaintiff was deprived of the ability to obtain immediate treatment back in January of 2019 and remedy the tumor prior to its growing, progressing, and metastasizing.

22. That as a direct and proximate result of Defendant's negligence, Plaintiff has incurred medical expenses.

23. That as a direct and proximate result of Defendant's negligence, Plaintiff will incur medical expenses in the future.

24. That as a direct and proximate result of Defendant's negligence, Plaintiff has lost income and, in the future, will lose income.

25. That as direct and proximate result of Defendant's negligence, Plaintiff has experienced ongoing emotional trauma due to his chemoradiation treatment and apprehension of premature death due to the diagnosis of incurable metastatic cancer and the physician's recent recommendation for palliative care.

**COMPLIANCE WITH THE NEBRASKA HOSPTIAL MEDICAL LIABILITY ACT**

26. To the extent the Nebraska Hospital Medical Liability Act found at §44-2801 et seq., Nebraska Revised Statutes, is applicable to Plaintiff's claims, Plaintiff affirmatively waives her right to a panel review pursuant to §44-2840 (4) Nebraska Revised Statutes.

27. Contemporaneously with the filing of this Complaint, Plaintiff has served a copy of the Complaint upon the Director of the Department of Insurance, State Capitol Building, Lincoln, Nebraska 68509, by regular U.S. mail.

WHEREFORE, Plaintiff prays for judgment against the Defendant for damages as are reasonable in the premises, for his special damages, special damages to be incurred in the future, general damages and for costs expended herein.

GARY PROKOP, Plaintiff

By: /S/ David J. Cripe
David J. Cripe, #21463
HAUPTMAN, O'BRIEN, WOLF,
 & LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, Nebraska 68114
(402) 390-9000
dcripe@hauptman-obrien.net
ATTORNEYS FOR PLAINTIFF